UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HENRI F. DUYZEND, et al., <br><br> Defendants. | CASE NO. C13-1508 MJP <br><br> ORDER ON MOTION TO DISMISS OR STAY |

THIS MATTER comes before the Court on the Cox Defendants' Motion to Dismiss or Stay on abstention grounds. (Dkt. No. 17.) Having reviewed the motion, Plaintiff Continental Casualty Company's Response (Dkt. No. 25), the Cox Defendants' Reply (Dkt. No. 26), and all related papers, the Court hereby DENIES the Motion.

**Background**

In this statutory interpleader action, Plaintiff Continental Casualty seeks a determination regarding the distribution of the limited insurance funds remaining under the policy Continental issued to Defendant Dr. Duyzend, a dentist who retired from practice in 2007. (Dkt. No. 1 at 5,

14–17.) Continental also requests declaratory relief on related coverage matters. (Dkt. No. 1 at 13–14, 17–18.)

After being informed by their new dentist that Dr. Duyzend had performed unnecessary dental work on them, some of Dr. Duyzend's former patients (the Cox Defendants here) sued him in King County Superior Court and achieved a judgment (through arbitration) of $35,212,000.00 plus post-judgment interest. (Id. at 6–8.) The court retained jurisdiction for the limited purpose of enforcing the judgment. (Dkt. No. 1-6 at 5.) Continental's policy is limited to $8,000,000.00 in aggregate liability, and it has disbursed all but $948,129.00 to other claimants pursuant to settlement agreements. (Dkt. No. 1 at 5, 10–11.)

The Cox Defendants brought a garnishment action against Continental in the full amount of the judgment, but Continental removed that action to this Court after Defendants' Motion was filed. (See Case No. 13-1608-MJP, Dkt. No. 1.) More recently, the Cox Defendants also brought an action against Continental alleging breach of contract, bad faith, negligence, and statutory violations; Continental has removed that action to this Court as well. (See Case No. 13-2288, Dkt. No. 1 at Ex. 1.)

The Cox Defendants now ask this Court to abstain from the case on the basis of Brillhart abstention, arguing Brillhart applies because an interpleader action is akin to a declaratory judgment action. (Dkt. No. 17 at 5.) See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942); Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Defendants also rely on the existence of parallel proceedings in state court, although the only state court proceedings involving Continental were removed to federal court on the basis of diversity jurisdiction after this Motion was filed. (See id. at 10, 14.)

1       Continental opposes the motion, arguing Colorado River abstention governs, and no

2 exceptional circumstances exist. (Dkt. No. 25 at 14–23.) See Colorado River Water Conservation

3 Dist. v. United States, 424 U.S. 800, 817 (1976).

**Discussion**

    I.     Parallel Proceedings as a Prerequisite to Abstention

      As an initial matter, Continental argues the lack of parallel proceedings is dispositive under either the Brillhart or Colorado framework. (Dkt. No. 25 at 8–9.) However, the existence of a parallel proceeding is not always necessary under Brillhart because requests for declaratory judgment on the basis of diversity jurisdiction are inherently discretionary. See Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir.1996), overruled on other grounds by Government Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) ("[N]othing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action. . . . [T]he absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice.").

    II.     Abstention Standard

      Deciding whether Brillhart or Colorado River applies is, therefore, an important step in the analysis. As the Cox Defendants observe, several courts outside the Ninth Circuit have concluded that statutory interpleader actions should be analyzed under the Brillhart abstention doctrine rather than Colorado River. See, e.g., NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 382 (3rd Cir. 1996). See also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 21–22 (2nd Cir. 1997) (affirming a district court's abstention from requests for declaratory judgment accompanying an interpleader action and suggesting that interpleader requests like Continental's are themselves discretionary). In the Fifth Circuit, in contrast, courts

apply the Colorado River doctrine. See West Side Transport, Inc. v. APAC Miss., Inc., 237 F. Supp. 2d 707, 714 (S.D. Miss. 2002).

The Ninth Circuit has not opined directly on the standard for interpleader actions, but recently clarified that when a case presents both declaratory judgment claims and "claims that exist independent of the request for a declaration," Colorado River applies. Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1155 (9th Cir. 2012) (citation omitted). Claims are independent if they would continue to exist if the request for a declaration simply dropped from the case. Id. Clearly the interpleader action would continue to exist if Continental's requests for declaratory relief dropped out, so Scotts Co. controls and Colorado River is the appropriate test. The distinction here may be technical, but it is not irrational. The logic behind the high degree of discretion afforded district courts under Brillhart in the declaratory judgment context rests in large part on the text of the Declaratory Judgment Act and the traditional understanding of declaratory judgment actions. See Wilton, 515 U.S. at 286–87. The text of the DJA is not, however, applicable to statutory interpleader actions.

      III.     Colorado River Abstention

Colorado River abstention applies only in extraordinary cases that "involv[e] the contemporaneous exercise of concurrent jurisdictions." Kirkbride v. Continental Cas. Co., 933 F.2d 729, 734 (9th Cir. 1991). Since the Cox Defendants' garnishment action and breach of contract actions have been removed to federal court, there are no remaining state court proceedings that involve the insurance company directly (as opposed to Dr. Duyzend being defended using the insurance funds). The fact that a party is missing from the state court action is not necessarily dispositive. See Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 2007). Still, the presence of three pending cases concerning the specific obligations of

Continental Casualty toward Dr. Duyzend's patients in federal court—and none in state court—is telling.

The Cox Defendants point out that Continental could have brought a state interpleader action rather than a federal one. (Dkt. No. 17 at 8–9.) But they cannot show that hypothetical actions are either "contemporaneous" or "concurrent" for the purposes of the Colorado River standard. See Kirkbride, 933 F.2d at 734.

Furthermore, liability has already been determined here. Even in the cases applying Brillhart abstention to interpleader actions, the federal interpleader action is often only stayed until liability is determined in the pending state action and the funds frozen in the federal court's registry can be disbursed. See, e.g., Espat v. Espat, 56 F. Supp. 2d 1377, 1385 (M.D. Fla. 1999). Notably, Ninth Circuit precedent would require a stay rather than outright dismissal of the interpleader action here. See R. R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 979 n.8 (9th Cir. 2011). In other words, the kind of abstention routinely granted in these cases restarts the clock precisely where Defendants find themselves now.

Finally, even if hypothetical proceedings in state court sufficed for Colorado River abstention, Defendants cannot prevail under the formal Colorado River test. The eight Colorado River abstention factors are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R. R. Street & Co. Inc., 656 F.3d at 978–79. None of these factors weighs strongly in favor of abstention. See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990) ("Any

doubt as to whether a factor exists should be resolved against a stay, not in favor of one."). To the extent property is involved at all, it is composed of insurance proceeds that have already been deposited with this Court. (Dkt. No. 13.) See United States v. Rubenstein, 971 F.2d 288, 295 (9th Cir. 1992) ("Although we have said that 'money . . . is not the sort of tangible physical property referred to in Colorado River,' registry funds are necessarily an exception to this pronouncement.") (citation omitted). The federal forum is not inconvenient for any of the parties and piecemeal litigation with regard to Continental's obligations is not at issue now that the garnishment and breach of contract actions have been removed and consolidated with this Court. While the state court obtained jurisdiction over the case's liability issues well in advance of this Court, the state court does not have priority with respect to the coverage issues raised by Continental—a point that also goes to the sixth (rights of federal litigants) and eighth (whether the state court will resolve all the federal issues) factors. Both parties have their preferred forum, but there is no egregious forum-shopping here. The one factor that clearly weighs in favor of abstention is that state law will provide the rule of decision in many if not all of Continental's claims. But that is true of all diversity cases, and is hardly the kind of extraordinary circumstance that justifies Colorado River abstention.

**Conclusion**

The Colorado River standard applies in the Ninth Circuit to cases that combine statutory interpleader with requests for declaratory relief. Under the Colorado River factors, a stay is not warranted, particularly in light of the two other non-discretionary proceedings involving the same parties before this Court and the absence of any directly parallel proceeding in state court. The Court therefore DENIES the Cox Defendants' Motion to Dismiss or Stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of January, 2014.

Marsha J. Pechman
Chief United States District Judge