1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

CONTINENTAL CASUALTY
COMPANY,

11

Plaintiff,

12

v.

13

HENRI F. DUYZEND et al.,

14

Defendants.

15

CASE NO. C13-1508 MJP

ORDER ON PLAINTIFF'S
MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR
DEFAULT, TO STRIKE DR.
DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD

16

17        THIS MATTER comes before the Court on Plaintiff's Motion to Strike Affirmative

Defenses from the Cox Defendants' Answer (Dkt. No. 15), Plaintiff's Motion for Default against

18

Defendants Dr. and Mrs. Duyzend (Dkt. No. 27), Plaintiff's Motion to Strike Dr. Duyzend's

19

Answer (Dkt. No. 31), and Plaintiff's Motion to Supplement the Record (Dkt. No. 47) with

20

respect to the three pending motions. Having considered the Motions, Defendants' Responses,

21

Plaintiff's Replies, and all related papers, the Court hereby orders:

22

        (1)      Plaintiff's Motion to Supplement the Record is GRANTED;

23

        (2)      Plaintiff's Motion to Strike Dr. Duyzend's Answer is DENIED;

24

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 1

1    (3)    Plaintiff's Motion for Default is GRANTED in part and DENIED in part; and

2    (4)    Plaintiff's Motion to Strike Affirmative Defenses is MOOT in part and DENIED

3    in part.

4                         **Background**

5    Plaintiff Continental Casualty filed this interpleader action seeking to determine how to

6    distribute the limited funds remaining under an insurance policy issued to Defendant Dr.

7    Duyzend, a retired dentist, after the Cox Defendants achieved a malpractice judgment against

8    him in excess of that amount. (Dkt. No. 1.) It also sought assorted declaratory relief, including an

9    "expedited" declaratory judgment that once the funds are distributed, Continental "otherwise has

10    no further liability or obligation, either in contract or tort, to Dr. Duyzend, the Cox claimants [ . .

11    . ] or any other claimant with respect to any claim relating to or arising under the Policy." (Id. at

12    18.)

13    Defendants Dr. and Mrs. Duyzend were traveling outside of the United States around the

14    time Continental filed the complaint. (Duyzend Decl., Dkt. No. 36 at 2.) Rather than attempt

15    international service under FRCP 4(f) or send the waiver form to them directly, on August 26

16    Continental contacted an attorney, Greg Harper, who informed them he was authorized to accept

17    a waiver of service form on Defendants' behalf but stressed that he was not acting as the

18    Defendants' attorney in this matter. (Defs' Reply to Pl's Mot. Strike Answer., Dkt. No. 40, Ex. 1

19    at 2.) He did not state that he was authorized to accept service itself. Cf. Fed. R. Civ. P.

20    4(e)(2)(C). After receiving the waiver form, Mr. Harper forwarded it to the Duyzends in Europe.

21    (Harper Decl., Dkt. No. 35 at 2.) On August 28, Mr. Harper returned the executed waiver form to

22    Continental. (Id.)

23

24

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 2

1    On October 28 the Cox Defendants, who had in the meantime acquired Dr. Duyzend's

2    claims and defenses against Continental, filed Dr. Duyzend's Answer to the Complaint. (Dkt.

3    No. 28.)

4    The parties have been engaged in spirited motions practice with respect to these initial

5    pleadings. This Court has already denied the Cox Defendants' Motion to Dismiss or Stay on

6    abstention grounds. (Dkt. No. 46.) With respect to the pending motions, Plaintiff first asks the

7    Court to consider two October 28 emails (obtained via third-party discovery on December 26)

8    between Mr. Wampold, attorney for the Cox Defendants, and Mr. Harper, relating to the timing

9    of Dr. Duyzend's forthcoming answer. Plaintiff also moves to strike that Answer because it was

10   filed after October 25, 2013—that is, more than sixty dates after counsel for Plaintiff contacted

11   Mr. Harper with a waiver of service request and he reached out to the Duyzends. (Dkt. No. 31.)

12   Plaintiff further asks the Court to enter default against Dr. and Mrs. Duyzend regarding the

13   allegedly untimely Answer. (Dkt. No. 27.) And with respect to the Cox Defendant's own timely

14   Answer (Dkt. No. 14), Plaintiff wants the Court to strike each of the Defendants' affirmative

15   defenses. (Dkt. No. 15.)

16   Meanwhile, the Cox Defendants brought two actions against Continental in state court,

17   each of which has since been removed to this Court: a garnishment action and a suit alleging

18   breach of contract, bad faith, violation of the Insurance Fair Conduct Act, violation of the

19   Consumer Protection Act, and negligence. (See Case No. C13- 01608, Dkt. No. 1-1; Case No.

20   C13- 02288, Dkt. No. 1-1.)

21

22

23

24   ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
     AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
     STRIKE DR. DUYZEND'S ANSWER, AND TO
     SUPPLEMENT THE RECORD- 3

**Analysis**

I.    <u>Motion to Supplement</u>

Plaintiff asks the Court to admit two October 28 emails between Mr. Wampold, attorney for the Cox Defendants, and Mr. Harper, relating to the timing of Dr. Duyzend's forthcoming answer. Plaintiff has represented that the emails were unavailable to it at the time the pending motions were filed. (<u>See</u> Dkt. No. 47 at 2.) The Court admits the emails for the purpose of compiling a complete record on the subject of the timing of Dr. Duyzend's Answer. However, as the Court will explain further below, the admission of the emails has little bearing on the outcome of the pending motions.

II.    <u>Motion to Strike Dr. Duyzend's Answer</u>

In its request to strike Dr. Duyzend's Answer (Dkt. No. 31), Continental assumes the deadline for Dr. Duyzend to answer its complaint was October 25, 2013, that is, within 60 days of the date Plaintiff sent its waiver request to Mr. Harper, who had made clear that he was not Dr. Duyzend's attorney. The Cox Defendants claim Dr. Duyzend had 90 rather than 60 days to answer from the date the waiver request was sent to him, and that his October 28 Answer was therefore timely. (Dkt. No. 33 at 6.)

The waiver form Plaintiff sent to Mr. Harper, who forwarded it to Dr. Duyzend, states that the defendant's answer is due within 60 days of the date when the request was sent, or within 90 days if the request "was sent outside the United States." (Dkt. No. 10, Ex. 1 at 2–3.) Federal Rule of Civil Procedure 12 similarly states that the defendant is allowed 90 days to answer if the waiver request "was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(A)(ii).

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 4

1    As high-school English teachers love to point out, the passive voice leads to ambiguity.

2 Federal Rule of Civil Procedure 12 does not state by whom the waiver request "was sent to the

3 defendant outside any judicial district of the United States." Does it refer strictly to the first time

4 the waiver form was sent <u>by</u> the plaintiff, or could it be sent <u>by</u> another person—perhaps a

5 person authorized to forward a waiver of service? The waiver form was in fact sent, by Mr.

6 Harper, to Dr. Duyzend in Europe, "outside any judicial district of the United States." <u>See</u> Fed.

7 R. Civ. P. 12(a)(A)(ii). Defendants' reading of the waiver form is not contrary to the text of the

8 rule. Striking an answer is, in any case, a particularly drastic remedy where the very identity of

9 the party with the responsibility to file the pleading was being negotiated behind the scenes. Dr.

10 Duyzend's Answer is not untimely, and the Court declines to strike it.

11    III.    <u>Motion for Default</u>

12    Plaintiff's Motion for Default was filed on October 28, 2013 and was premised on the

13 failure of Dr. Duyzend and his wife to file an answer by October 25. (<u>See</u> Dkt. No. 27.) Its

14 arguments in favor of entry of default against Dr. Duyzend are not well taken because, as the

15 Court explained above, Dr. Duyzend's Answer was timely filed.

16    However, as of today Mrs. Duyzend has not yet appeared. Although the Cox Defendants

17 may appear on Dr. Duyzend's behalf pursuant to the assignment of his claims (<u>see</u> Dkt. No. 28,

18 Ex. 1), Plaintiff correctly points out that none of Mrs. Duyzend's claims was assigned. (Pl's

19 Reply re Mot. for Default, Dkt. No. 30 at 3.) The Court agrees with Plaintiffs that entry of

20 default against Defendant Mrs. Duyzend is appropriate at this time.

21    IV.    <u>Motion to Strike Affirmative Defenses</u>

22    Plaintiff does not contest the timeliness of the Cox Defendants' Answer (Dkt. No. 14),

23 but does challenge each of the affirmative defenses raised therein. (Dkt. No. 15.)

24
ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 5

1    Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

2    deny plaintiff's right to recover, even if the allegations of the complaint are true. Fed. Deposit

3    Ins. Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D. Cal. 1987). Rule 12(f) grants the Court

4    discretion to "strike from a pleading an insufficient defense or any redundant, immaterial,

5    impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to

6    strike is to avoid the expenditure of time and money that must arise from litigating spurious

7    issues by dispensing with those issues prior to trial. . . ." Whittlestone, Inc. v. Handi-Craft Co.,

8    618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th

9    Cir. 1993)). The moving party bears the burden of showing that a challenged defense is

10   insufficient. See LaFleur v. Sunbeam Prods., Inc., Case No. C09-425 MJP, Dkt. No. 36 at 4

11   (W.D. Wash. 2010). Motions to strike are disfavored and should not be granted unless "it is clear

12   that the matter to be stricken could have no possible bearing on the subject matter of the

13   litigation." In re New Century, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008).  Courts will not

14   grant motions to strike unless "there are no questions of fact, . . . any questions of law are clear

15   and not in dispute, and . . . under no set of circumstances could the claim or defense succeed."

16   RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

17          1.   Failure to state a claim upon which relief can be granted

18          The Cox Defendants' first "affirmative defense" is "Plaintiff has failed to state a claim

19   upon which relief can be granted." (Dkt. No. 14 at 11.) As Plaintiff correctly observes (Dkt. No.

20   15 at 6), failure to state a claim is not an affirmative defense. Rather than pleading matters

21   extraneous to the plaintiff's prima facie case, as an affirmative defense does, the allegation that a

22   plaintiff has failed to state a claim attacks the prima facie case on its own terms. The Court

23   therefore considers this affirmative defense a general denial.

24

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 6

1      2. <u>Breach of contract</u>

2      The Cox Defendants' second affirmative defense is "Plaintiff's claims are barred by its

3 own breach of contract." (Dkt. No. 14 at 11.) Although this is not a familiar affirmative defense,

4 the breach of contract claim raised in the Cox Defendants' affirmative case against Continental

5 (<u>see</u> Case No.  C13-2288) is potentially material to Continental's sweeping request in this case to

6 be absolved from any "further liability or obligation, either in contract or tort, to Dr. Duyzend,

7 the Cox claimants [ . . . ] or any other claimant with respect to any claim relating to or arising

8 under the Policy." (<u>See</u> Dkt. No. 1 at 18.) Indeed, the defense fits the classic mold of an

9 extraneous matter that might preclude full recovery by the plaintiff, even if its prima facie case is

10 proved. The Cox Defendants represent that Continental was apprised of a potential breach of

11 contract claim in November 2012, and as of December 13, 2013, Plaintiff has had the benefit of

12 the Cox Defendants' complaint in the affirmative case, so fair notice is not at issue. (Wampold

13 Decl., Dkt. No. 20 at 3; Case No. C-13-2288, Dkt. No. 1-1.) Finally, since the Cox Defendants

14 have acquired Dr. Duyzend's claims against Continental, they have standing to assert affirmative

15 defenses on his behalf. The Court declines to strike the breach of contract defense.

16      3. <u>Bad faith</u>

17      Similar to the breach of contract defense, bad faith is a claim brought by the Cox

18 Defendants in one of the parallel cases that is now before this Court. (<u>See</u> Case No. C-13-2288,

19 Dkt. No. 1-1.) Though it is not a conventional affirmative defense, it is a proper affirmative

20 defense in the same sense that it could foreclose the unusually broad declaratory relief requested

21 by Continental. As in the breach of contract defense, the Cox Defendants represent that

22 Continental was apprised of a potential bad faith claim in November 2012, and as of December

23 13, 2013, Plaintiff has had the benefit of the Cox Defendants' complaint in the affirmative case,

24

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 7

1   so fair notice is not at issue here either. (Wampold Decl., Dkt. No. 20 at 3; Case No. C-13-2288,

2   Dkt. No. 1-1.) The Court declines to strike the bad faith defense.

3       4.   Unclean hands

4       Continental argues the Cox Defendants' unclean hands defense is redundant because bad

5   faith is an element of unclean hands. (Dkt. No. 15 at 9.) However, Defendants' unclean hands

6   defense is an ordinary equitable defense to Continental's equitable claims, while its bad faith

7   defense arises from the separately filed case. In the context of this case, the two defenses are

8   distinct. The Court declines to strike this affirmative defense.

9       5.   Abstention

10      Plaintiff's challenge to the abstention affirmative defense is moot because the Cox

11  Defendants have already brought (and the Court has denied) a separate abstention motion. (See

12  Dkt. Nos. 17, 46.)

13      6.   Laches

14      Last, Plaintiff asks the Court to strike the Cox Defendants' affirmative defense of laches.

15  "Laches is an equitable time limitation on a party's right to bring suit." Kling v. Hallmark Cards,

16  Inc., 225 F.3d 1030, 1036 (9th Cir. 2000). Like unclean hands, laches is an appropriate equitable

17  defense to Continental's equitable claims for relief. Since this Court now has jurisdiction over

18  the affirmative claims of Dr. Duyzend that have been assigned to the Cox Defendants (see Case

19  No. C-13-2288), Plaintiff's arguments about the timing of Continental's actions with respect to

20  the Cox Defendants' state court judgment (Dkt. No. 15 at 10) do not tell the whole story. The

21  Court declines to strike the affirmative defense of laches.

22

23

24
    ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
    AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
    STRIKE DR. DUYZEND'S ANSWER, AND TO
    SUPPLEMENT THE RECORD- 8

1

## Conclusion

2        Because the record with respect to each of the pending motions should be complete, the

3    Court GRANTS Plaintiff's Motion to Supplement the Record (Dkt. No. 47). However, the Court

4    DENIES Plaintiff's Motion to Strike Dr. Duyzend's Answer (Dkt. No. 31) because it was timely

5    filed and DENIES Plaintiff's Motion for entry of default against Dr. Duyzend (Dkt. No. 27) on

6    that same reasoning. The Court GRANTS Plaintiff's Motion for entry of default against Mrs.

7    Sharon Duyzend (Dkt. No. 27) because more than 90 days have elapsed since waiver of service

8    was sent to her and she has not yet appeared before this Court. Finally, the Court DENIES

9    Plaintiff's Motion to Strike (Dkt. No. 15) each of the affirmative defenses from the Cox

10    Defendants' Answer except the abstention defense; the Court considers the request to strike the

11    abstention defense MOOT in light of the parties' intervening briefing and the Court's order on

12    that topic.

13

14

15        The clerk is ordered to provide copies of this order to all counsel.

16        Dated this 5th day of February, 2014.

17

18

19                                          Marsha J. Pechman

20                                          Chief United States District Judge

21

22

23

24

ORDER ON PLAINTIFF'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES, FOR DEFAULT, TO
STRIKE DR. DUYZEND'S ANSWER, AND TO
SUPPLEMENT THE RECORD- 9